LMH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Eldridge,                       ) | No. CV 06-0650-PHX-DGC (LOA) |
|                  Plaintiff,            ) | **ORDER** |
| vs.                                    ) | |
| Richard Pratt, et al.,                 ) | |
|                  Defendants.           ) | |

This is a civil rights action filed by a state prisoner regarding his medical care for seizures. In an Order filed on March 30, 2006 (dkt. #3), the Court dismissed Plaintiff's Complaint with leave to amend because he (1) failed to connect his claims to Director Schriro and (2) failed to set forth allegations showing "deliberate indifference" to sustain an Eighth Amendment claim. The Court mailed Plaintiff a form to assist him in submitting his First Amended Complaint within 30 days. Plaintiff failed to comply and instead filed a one-page pleading entitled "Motions" (dkt. #5). The Court will deny his "Motions."

**A.    "Motions"**

In his "Motions," Plaintiff states he is filing "more paperwork that may help" in his case. He also states that he is seeking help in his removal from the state prison to "the right hospitals" for treatment of his seizures. His motion is accompanied by more than 70 pages of exhibits.

The exhibits attached to the motion are copies of health needs requests and grievances and thus might be Plaintiff's attempt to satisfy exhaustion of available administrative

**JDDL-K**

remedies, see 42 U.S.C. § 1997e(a). Exhaustion, however, is an affirmative defense that may be raised by Defendants, see Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), and Defendants have not yet been required to answer. Thus, exhaustion is not presently at issue in the case.

To the extent that Plaintiff may be attempting to seek some form of injunctive relief, he must first have a "live" Complaint before the Court. See Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (*per curiam*) (a party seeking injunctive relief must establish a relationship between the claimed injury and the conduct asserted in the complaint). No such complaint is pending. Plaintiff's original Complaint was dismissed, and he has yet to file a First Amended Complaint. Also, for Plaintiff to obtain injunctive relief without first giving notice to the adverse party, he must show by specific facts that he is in danger of immediate and irreparable harm. FED. R. CIV. P. 65(b). The Court also cannot grant relief unless Plaintiff certifies in writing the efforts, if any, which have been made to give notice and the reasons that notice should not be required. Id. None of these requirements has been satisfied by Plaintiff's "Motions."

Finally, the "Motions" may be an attempt by Plaintiff to submit documents in support of his original Complaint. As stated, there is no Complaint pending. Moreover, exhibits are not required for a Complaint. Although the Court will read the pleadings with the required liberality, see Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005), the Court cannot sort through 70 pages of exhibits to define Plaintiff's claims for him.

**B.     First Amended Complaint**

Plaintiff's First Amended Complaint is presently overdue. His current pleading entitled "Motions" does not satisfy the requirement of a First Amended Complaint. The Court will allow Plaintiff another **30 days** from the date this Order is filed to submit his First Amended Complaint.

Plaintiff is again warned that failure to timely comply with every provision of this Order may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to

comply with any order of the Court). Because the Complaint was dismissed for failure to state a claim, if Plaintiff fails to file a First Amended Complaint correcting the deficiencies identified in the Court's earlier Order (dkt. #3), the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

**IT IS ORDERED:**

1. Plaintiff's "Motions" (dkt. #5) is **denied**.

2. Within 30 days from the date this Order is filed, Plaintiff must submit his First Amended Complaint.

3. If Plaintiff fails to comply, the Clerk of Court shall enter a judgment of dismissal with prejudice and make an entry on the docket indicating that the dismissal is under 28 U.S.C. § 1915(g).

DATED this 30th day of May, 2006.

David G. Campbell
United States District Judge